IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Melissa C. Angeline,<br><br>*Plaintiff,*<br><br>v.<br><br>Cohen Seglias Pallas Greenhall & Furman, PC, Jason Copley, Marc Furman, and Jonathan Landesman,<br><br>*Defendants.* | No. 2:13-cv-02453 (JRP) |

MOTION OF DEFENDANTS TO COMPEL PLAINTIFF
TO FULLY RESPOND TO INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND APPEAR FOR SECOND DEPOSITION

Defendants, Cohen Seglias Pallas Greenhall & Furman, PC ("Cohen Seglias"), Jason Copley, Marc Furman, and Jonathan Landesman (collectively "Defendants"), by and through their undersigned counsel, Fisher & Phillips LLP, and pursuant to Local Rule of Civil Procedure 26.1 and Judge Padova's Pretrial and Trial Procedures, hereby respectfully requests that this Court enter an Order compelling Plaintiff to fully answer interrogatories and respond to requests for production of documents and, if necessary, appear for a second deposition.

Respectfully submitted,

FISHER & PHILLIPS LLP

Dated: November 4, 2013

By: ____*/s/Lori E. Armstrong Halber*____
Rick Grimaldi, Esquire
Lori E. Armstrong Halber, Esquire
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania 19087
Telephone: (610) 230-2150

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Melissa C. Angeline, | |
| *Plaintiff*, | |
| v. | No. 2:13-cv-02453 (JRP) |
| Cohen Seglias Pallas Greenhall & Furman, PC, Jason Copley, Marc Furman, and Jonathan Landesman, | |
| *Defendants*. | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF DEFENDANTS TO COMPEL PLAINTIFF
TO FULLY RESPOND FULLY TO INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND APPEAR AT SECOND DEPOSITION**

Defendants, Cohen Seglias Pallas Greenhall & Furman, PC ("Cohen Seglias"), Jason Copley, Marc Furman, and Jonathan Landesman (collectively "Defendants"), by and through their undersigned counsel, Fisher & Phillips LLP, and pursuant to Local Rule of Civil Procedure 26.1 and Judge Padova's Pretrial and Trial Procedures, respectfully submit this motion to compel Plaintiff to fully answer interrogatories and respond to requests for production of documents and, if necessary, appear for a second deposition.

I.    **BACKGROUND**

On Wednesday, July 10, 2013, the parties attended a conference with this Court to discuss certain discovery and scheduling issues. At the conference, counsel for Defendants stated that limited discovery, including a preliminary deposition of Plaintiff, might facilitate early resolution of the case. Defendants' counsel understood that Plaintiff's counsel agreed.

2

On July 15, 2013, consistent with Defendants' counsels' understanding, Ms. Armstrong Halber emailed Mr. Mazurek regarding his client's availability for depositions the following week. Plaintiff's counsel replied that he would produce his client only for the full 7 hour deposition and indicated that his client did not believe limited discovery would be meaningful. (Defendants have not attached the referenced correspondence because it contains discussions protected from disclosure under F.R.E. Rule 408.)

On or about August 12, 2013, Defendants served interrogatories and document requests on Plaintiff. (See Defendant's First Set of Interrogatories Directed to Plaintiff, attached as Exhibit A, and Defendants' First Request for Production of Documents directed to Plaintiff, attached as Exhibit B.)

Defendants noticed the deposition of Plaintiff for September 17, 2013.

The parties requested and were granted an extension of until November 15, 2013, within which to complete discovery. (Docket No. 12.)

On September 13, 2013, counsel for Defendants emailed counsel for Plaintiff inquiring about the status of Plaintiff's discovery requests. (Exhibit C.)

When Plaintiff failed to serve her discovery responses, Defendants were forced to reschedule her deposition.

On September 18, 2013, counsel for Defendants again emailed counsel for Plaintiff inquiring about the status of Plaintiff's discovery responses and rescheduling Plaintiff's deposition. (Exhibit D.)

Plaintiff agreed to produce discovery by the first week of October. Ultimately, Plaintiff's deposition was rescheduled for October 29, 2013.

On Monday, October 7, 2013, Plaintiff served Requests for Production of Documents on Defendants but no responses to Defendants' discovery requests.

In response, Defendants' counsel sent the following email to Plaintiff's counsel:

> Ed –
>
> Thanks. Please note that your client has yet to submit responses to our [discovery] [*sic*] despite our agreement to extend to last week and our further agreement to not depose her until the end of October provided she submitted the responses as agreed. Please be advised that if we do not receive the responses by COB Wednesday, we will file a Motion to Compel
>
> Thanks

Defendants finally received Plaintiff's Answers to Defendant's First Set of Interrogatories (Exhibit E) on October 9, 2013, and Plaintiff's objections – but no documents – to Defendants' First Request For Production of Documents (Exhibit F) on October 10, 2013. Plaintiff finally produced some documents late in the day on October 17, 2013 and more on October 21, 2013.

On October 23, 2013, counsel for Defendants sent counsel for Plaintiff a letter outlining what Defendants believed were deficiencies in Plaintiff's discovery responses. (Exhibit G.)

Defendants proceeded with Plaintiff's deposition on October 29, 2013, reserving time under the Federal Rules and the right to recall Plaintiff with regard to documents not produced by Plaintiff.

At the deposition, Plaintiff withdrew her claims for emotional distress under the defamation and misappropriation of likeness counts.

Plaintiff continues to assert claims under the Family Medical Leave Act, including for damages such as back and front pay allegedly arising from the termination of Plaintiff's employment.

Plaintiff testified at deposition that she received both short-term and long-term disability benefits.

At the end of the deposition, counsel for Defendants and counsel for Plaintiff had a brief discussion regarding Plaintiff's refusal to produce medical records. Counsel for Plaintiff stated that Plaintiff's medical records were no longer relevant since she withdrew her claims for emotional distress. Counsel for Defendants explained that the records, including those in the possession of the disability carrier, were relevant to the extent Plaintiff was unable to work at the time her leave expired or thereafter.

On November 1, 2013, counsel for Plaintiff emailed counsel for Defendants in response to Defendants' October 23 "deficiency" letter. (Exhibit H.)

To date, Plaintiff has not complied with the Federal Rules of Civil Procedure in responding to discovery as follows:

    a.    With respect to Interrogatories 10 and 11, Defendants seek this information to the extent Plaintiff contends that she was willing and able to work after the date of termination. Plaintiff did identify health care providers at her deposition.

    b.    With respect to Interrogatory 18, Plaintiff contends that "the documents produced in response to this interrogatory are readily identifiable." As set forth in the October 23 letter, Plaintiff haphazardly produced 842 pages of documents and failed to identify with any specificity from which documents Defendants can obtain the requested information.


   c. With respect to the document requests generally, Plaintiff has failed to comply with F.R.Civ.P. 34(E)(i), which states in pertinent part "a party must produce documents as they are kept in the usual course of business or must ***organize and label them to correspond to the categories in the request.***" Although the documents are bates-stamped, there is no way for Defendants to ascertain which documents are responsive to which requests.

   d. With respect to Document Request No. 19, Defendants narrow their request to include only documents relating or referring to medical treatment and/or evaluation of Plaintiff as it relates to her ability to work during the relevant time period.

   e. In conjunction with Request No. 19 and Defendants' intent to subpoena Plaintiff's disability benefits provider(s), Defendants request that Plaintiff be compelled to complete and sign a HIPPA Medical Information Authorization, as was provided to Plaintiff on August 12, 2013.

In accordance with Local Rule 26.1(f), Counsel for Defendants certify that the parties are unable to resolve the disputes set forth herein.

## II. LEGAL REASONING

### A. Plaintiff Should Be Compelled to Provide Responses to Discovery in Accordance with the Federal Rules of Civil Procedure.

Pursuant to Rule 34 (E)(i) of the Federal Rules of Civil Procedure, Plaintiff "must produce documents as they are kept in the usual course of business or must ***organize and label them to correspond to the categories in the request.***" Although the documents are bates-stamped, there is no way for Defendants to ascertain which documents are responsive to which requests. Plaintiff should be compelled to revise her responses accordingly.

6

### B.  Plaintiff's Medical and Disability Records Are Relevant.

Evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed. R. Evid. 401. The standard set forth in Rule 401 is "a liberal one." *Green v. VF Jeanswear Ltd. P'ship*, No. 10-264, 2012 U.S. Dist. LEXIS 22825, at *2 (W.D. Pa. Feb. 23, 2012).

Plaintiff contends that Defendants unlawfully terminated her employment because she took leave under the Family Medical Leave Act and that she is, therefore, entitled to lost wages (both back and front pay). There is a dispute between the parties regarding Plaintiff's willingness and ability to work. Plaintiff's medical and disability records would contain information regarding her health care providers' assessment of her ability to work during the relevant time period and may contain representations Plaintiff herself made regarding her ability to work. As such, Plaintiff should be compelled to produce such records and/or sign authorizations to facilitate the production of such records.

### C.  Plaintiff Should Be Compelled to Appear for a Second Deposition If Necessary.

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants respectfully request that Plaintiff be ordered to appear for a second deposition.

Courts have permitted second depositions where there are unanswered questions that are relevant to the case or where the areas covered during the second deposition do not duplicate the same material covered in the first deposition. See, e.g., Christy v. Pennsylvania Tpk. Comm'n, 160 F.R.D. 51, 53 (E.D. Pa. 1995) (permitting second deposition of plaintiff, but limiting deposition to areas not covered during the first deposition); Hurley v. JARC Builders, Inc., 164 F.R.D. 39, 40 (E.D. Pa. 1995) (noting that a second deposition is warranted as there were many

unanswered questions that were relevant to the litigation and movant failed to demonstrate any undue burden or expense from taking the second deposition).

## III. CONCLUSION

As a result of the foregoing, Defendants respectfully request that this Court grant the Motion of Defendants to Compel Plaintiff to Respond Fully to Interrogatories and Requests for Production of Documents and Appear for Second Deposition.

Defendants believe a conference with the Court may be helpful in resolving these and other issues.

Respectfully submitted,

FISHER & PHILLIPS LLP

Dated: November 4, 2013          By:     */s/Lori E. Armstrong Halber*
                                         Rick Grimaldi, Esquire
                                         Lori E. Armstrong Halber, Esquire
                                         201 King of Prussia Road, Suite 650
                                         Radnor, Pennsylvania 19087
                                         Telephone: (610) 230-2150

                                         *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2013, I electronically filed the foregoing Motion of Defendants to Compel Plaintiff to Fully Respond to Interrogatories and Requests for Production of Documents and Appear For Second Deposition with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record as follows:

>
> Edward S. Mazurek
> The Mazurek Law Firm, LLC
> 717 South Columbus Blvd.
> Suite 516
> Philadelphia, PA 19147

By:  /s/ Lori E. Armstrong Halber
Rick Grimaldi, Esquire
Lori E. Armstrong Halber, Esquire
Fisher & Phillips LLC
Radnor Financial Center
201 King of Prussia Road
Suite 650
Radnor, PA 19087